IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

PAUL W. SACCO,          )
                       )
      Plaintiff,      )
                       )
v.                    )     Case No. 1:11-cv-01051-RPM
                       )
                       )
WATERFORD INV. SERVICES, INC.   )
     n/k/a ALLIED BEACON      )
     PARTNERS, INC.,      )
                       )
      Defendant.      )

## ORDER

THIS CASE is before the Court on defendant, Waterford Investors Services, Inc. n/k/a Allied Beacon Partners, Inc.'s, Motion to Confirm Arbitration Award and for Summary Judgment. The Court has carefully reviewed the pleadings filed by the parties, and the authorities cited. The Court finds that the following facts are undisputed:

1.    On or about March 29, 2010, plaintiff commenced an arbitration proceeding against Community Bankers Securities, LLC ("CBS"), by filing a statement of claim with the Financial Industry Regulatory Authority ("FINRA"). In his statement of claim, plaintiff alleged that CBS was liable for various "acts and omissions" of "its" registered representative, who recommended and sold to plaintiff a private placement, called "Medical Capital".

2.    On April 7, 2011, plaintiff filed a first amended statement of claim in FINRA Case No. 10-01497 (the "Finra Case"), in which he joined defendant as a party.

In his first amended statement of claim, plaintiff alleged the following against defendant, Waterford Investors Services, Inc. n/k/a Allied Beacon Partners, Inc.:

- Allied was the "successor entity of Respondent Community Bankers Securities ("CBS") ... and, as such, Waterford [Allied] is responsible for all debts and liabilities of CBS."

- "[A]t all relevant times, the combination of CBS and Waterford was a de facto merger and Waterford was a mere continuation of CBS."

- "Waterford aided and abetted the fraudulent actions of Guyette."

- Waterford is "vicariously liable for the acts and omissions" of Guyette.

- "Respondents" approved, recommended and sold unsuitable Med Cap investments to Mr. Sacco by means of representations and omissions that were materially misleading and in violation of federal and Colorado state securities laws.

- "Waterford gave substantial assistance to Guyette in perpetrating his fraud upon Mr. Sacco ... Guyette continued to make representations to Mr. Sacco while Guyette was employed by Waterford."

- "Waterford is ... responsible for the losses incurred at CBS by Mr. Sacco. Guyette represented that the change from CBS to Waterford was a mere 'name change.' Liability follows a company to a successor entity when the entity merely changes its name. Further, the shareholders and directors are largely the same between the two entities, Mr. Sacco's account switched over to Waterford from CBS without his approval or notice, and when Guyette left Waterford, the account stayed at Waterford."

- Mr. Sacco relied on "Respondent" for investment advice and recommendations". "Respondent" assumed fiduciary duties to Mr. Sacco that "Respondent" breached.

- "Respondent" breached "its standard customer agreement, which obligates Respondent to comply with all FINRA, SEC, and other regulator rules, as well as all state and federal laws."

*First Amended Statement of Claim,* ¶¶ *3, 5, 7-8, 10, 28-30, 32-33, 34, 35, 38, 40-42, 43, 44, 45.*

3.      Plaintiff filed this action against defendant on April 21, 2011, *Document 1*, after defendant notified plaintiff that it had no duty to arbitrate.

4.      During a Scheduling Conference on October 13, 2011, the Court suggested to plaintiff's counsel that he file a motion to compel defendant to arbitrate before the arbitration board.  The Court stayed this action pending plaintiff's efforts to compel defendant to arbitrate in the Finra Case. *Document 6*.

6.      On October 25, 2011, plaintiff filed a motion to compel arbitration against defendant in the Finra Case.

7.      On November 28, 2011, the FINRA Arbitration Panel granted plaintiff's motion to compel arbitration.

8.      On January 9-10, 2012, the parties in person and by counsel appeared for a hearing in the Finra Case before a duly-constituted Panel of Arbitrators.  The Panel was accepted by all parties.  The Panel heard live testimony from numerous witnesses, and accepted over fifty (50) exhibits in evidence.

9.      On February 15, 2012, the Panel of Arbitrators entered an Award in favor of defendant against plaintiff.  "All claims" asserted by plaintiff against defendant, including, without limitation, all claims of successor liability, were "dismissed" with prejudice.

10.      This Court is the proper venue for defendant's Motion to Confirm the Award entered in the Finra Case.  Plaintiff is from Colorado.  The Award was made within this District by a Panel of Arbitrators from Colorado.

11.      The Award is final.  There are no grounds upon which to vacate the Award as to Allied, and Mr. Sacco does not suggest that there are.

12.     There is no genuine dispute as to any material fact. The Award constitutes

a final judgment on the merits of the controversy between these parties, and resolves all

claims asserted by plaintiff against the defendant, including plaintiff's claims that the

defendant is the "successor entity of Respondent Community Bankers Securities", that

defendant is responsible for the debts and liabilities of CBS, and that there was a de facto

merger between defendant and CBS or that defendant was a mere continuation of CBS.

These factual matters have been resolved by the Arbitration Panel in defendant's favor in

a final Award duly entered.  The Court will affirm the Award. *See Hall Street Associates,*

*LLC v. Mattel, Inc.*, 522 U.S. 576, 588 (2008) (Sections 9 through 11 of the Federal

Arbitration Act, which provide for expedited review to confirm, vacate, or modify

arbitration awards, "substantiat[e] a national policy favoring arbitration with just the

limited review needed to maintain arbitration's essential virtue of resolving disputes

straightaway."); *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) ("Our

review of the arbitration panel's decision under the FAA is strictly limited; this highly

deferential standard has been described as "among the narrowest known to the law."  In

consenting to arbitration, "'a party trades the procedures and opportunity for review of

the courtroom for the simplicity, informality, and expedition of arbitration.'"  We employ

this limited standard of review and exercise caution in setting aside arbitration awards

because one "purpose behind arbitration agreements is to avoid the expense and delay of

court proceedings."  A court may not, therefore, independently judge an arbitration

award.") (quotations ad citations omitted); *Wachovia Securities, LLC v. Brand*, 671 F.3d

472, 478-479 (4th Cir. 2012) ("judicial review of an arbitration award in federal court 'is

severely circumscribed.'  "A court sits to 'determine only whether the arbitrator did his

job – not whether he did it well, correctly, or reasonably, but simply whether he did it.'"

… The FAA notably does not authorize a district court to overturn an arbitral award just because it believes, however strongly, that the arbitrators misinterpreted the applicable law.  When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree.  "The arbiter was chosen to be the Judge.  That Judge has spoken. There it ends.").  Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes.") (quotations and citations omitted).

Accordingly, it is

ORDERED that defendant, Waterford Investors Services, Inc. n/k/a Allied Beacon Partners, Inc.'s, Motion to Confirm Arbitration Award and for Summary Judgment is hereby GRANTED.

This action is dismissed with prejudice.

DATED this 22nd day of May 2012.

Richard P. Matsch
Senior District Judge